UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK J. KELLY, | : | Case No. C-1-00-661 |
| | : | |
| Plaintiff, | : | Judge Beckwith |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S RESPONSE IN** |
| | : | **OPPOSITION TO PLAINTIFF'S RULE** |
| LAMBDA RESEARCH, INC., | : | **60(b) MOTION** |
| | : | |
| Defendant. | : | |

**I.     INTRODUCTION**

On May 10, 2004, Plaintiff Mark J. Kelly ("Plaintiff") filed a Motion for Remedies, Reversal and Remand Due to Defendant Misconduct and Federal Rule 60(b) Violations ("Motion"), requesting that this Court reverse its decision to grant Defendant Lambda Research, Inc.'s ("Lambda") Motion for Summary Judgment.  Although Kelly does not cite to a particular section of Rule 60(b), he claims that his Motion is based on "the misconduct of the Defendant." Motion at 1.  Therefore, it is clear that Plaintiff's Motion is brought pursuant to Rule 60 (b)(3), which states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representation from a final judgment, order,
> or proceeding for the following reasons:
>
> \* \* \* \* \*
> (3) fraud (whether heretofore denominated intrinsic or extrinsic),
>     misrepresentation, or other misconduct of an adverse party;

Plaintiff's Motion should be denied.  First, the Motion is untimely.  Plaintiff failed to file his Motion within a year of the entry of the judgment in this case as required by Rule 60(b). Second, Plaintiff's Motion does not raise any issue that Plaintiff did not raise in his Response to

Lambda's Motion for Summary Judgement. Therefore, the issues raised in Plaintiff's Motion have already been considered and rejected by this Court.

**II.    ARGUMENT**

   **A.    Plaintiff's Rule 60(b)(3) Motion Is Untimely.**

As is noted above, Plaintiff does not specifically state that his Motion is based on Rule 60(b)(3). However, it is clear from the content of Plaintiff's Motion that Plaintiff is relying on the fraud/misconduct provision of Rule 60(b)(3) in making the Motion. *See* Plaintiff's Motion at 1 ("the decision should be reversed…[based on] the misconduct of the Defendant") and 6 ("Lambda's frauds …should be sanctioned by this Court"). Motions brought pursuant to Rule 60(b)(3) must be brought within one year after judgment. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment.") Moreover, Plaintiff's pursuit of an appeal does not affect the time in which to file a motion to set aside the judgment under Rule 60(b). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 383 (6th Cir. 1991). The Court's decision granting Lambda's Motion for Summary Judgment was entered on December 4, 2001. *See* Judgement in a Civil Case, Entry No. 33. Thus, Plaintiff is over a year and a half late in filing his Motion. As such, Plaintiff's Motion must be denied.

Furthermore, to the extent Plaintiff attempts to argue that his Motion is based on Rule 60(b)(6) and not Rule 60(b)(3), that argument must also be rejected. Rule 60(b)(6) allows the Court to relieve a party from a final judgment for "any other reason justifying relief from the operation of judgment." In contrast to the one-year limitation for filing motions pursuant to Rule 60(b)(1)-(3), Rule 60(b)(6) motions must only be made "within a reasonable time." However, the Sixth Circuit adheres to the view that "courts should apply Rule 60(b)(6) only in exceptional

or extraordinary circumstances *which are not addressed by the first five numbered clauses of the rule.*" Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (emphasis added). Because Plaintiff's claim specifically addresses Defendant's alleged misconduct, he is confined to Rule 60(b)(3) and its one-year limitations period.

      **b.**      **Plaintiff's Motion Does Not Raise Any New Issues.**

Even if Plaintiff's Motion were timely, the Court should deny Plaintiff's Motion because it fails to raise any issue that was not addressed in Plaintiff's Response to Defendant's Motion for Summary Judgment and thus has already been considered and rejected by this Court. Plaintiff claims that the alleged "misconduct" on which he relies in bringing his Motion is the submission of an affidavit by Paul Prevey that Plaintiff describes as false with regard to the characterization of Quality Incident Reports ("QAR's") as internal documents. *See* Plaintiff's Motion at 2-3. Plaintiff bases this claim on his allegation that "other evidence" indicates that the QAR's are not internal documents. *Id.* However, Plaintiff raised this exact issue in his Response to Defendant's Motion for Summary Judgment. *See* Response at 21 ("Defendant indicates that the Quality Incident Reports (QAR's) are strictly internal reports, implying that they need not be accurate. However, evidence demonstrates that Quality Incident Reports are not strictly internal reports.") As such, this argument has already been made by the Plaintiff and rejected by this Court. There is no reason to revisit this issue now. Plaintiff's Motion should be denied.

**III.**      **CONCLUSION**

Plaintiff's Motion is untimely and fails to raise any new issues not already addressed by the Court. Accordingly, Plaintiff's Motion should be denied.

Respectfully submitted,

/s/ Mekesha H. Montgomery
Robert A. Dimling (0020349)
Mekesha H. Montgomery (0073443)
Trial Attorneys for Defendant Lambda Research
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, OH 45202-4182
(513) 651-6821

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2004, a copy of the foregoing was filed electronically and served upon Mark J. Kelly, 10955 South Fork Road, Dillsboro, Indiana 47018. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. Mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Mekesha H. Montgomery

CinLibrary/1402150.1